Davis Miles
McGuire Gardner
9 W. Cherry Ave., Suite B
Flagstaff, AZ 86001
Telephone: (928) 779-1173
Fax: (877) 715-7366
efile.dockets@davismiles.com
Aubrey L. Thomas (SBN: 029446)
athomas@davismiles.com
Attorneys for Movant

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>LINDA MARIE BALLARD,<br><br>Debtor. | Case No. 4:18-bk-11788-SHG<br><br>A Proceeding Under Chapter 7<br><br>**MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |
| 21ST MORTGAGE CORPORATION,<br><br>Movant,<br><br>v.<br><br>LINDA MARIE BALLARD, debtor;<br>STANLEY J. KARTCHNER, trustee.<br><br>Respondents. | Mobile Home located at:<br>2085 N. San Joaquin Road<br>Tucson, AZ  85743 |

21st Mortgage Corporation ("21st Mortgage"), a secured creditor in the above-referenced bankruptcy matter, hereby moves the Court for entry of an Order granting 21st Mortgage relief from the automatic stay imposed by 11 U.S.C. § 362(a) to permit it to exercise its rights of lien enforcement against the mobile home located thereon owned by Debtor Linda Marie Ballard ("Debtor") and to obtain possession of the mobile home.  This

1

Motion is supported by the following memorandum of points and authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

1. On September 26, 2018, Debtor commenced this Chapter 7 proceeding.

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334. It is a core proceeding pursuant to 28 U.S.C. § 157(a)(2)(G).

3. On or about July 31, 2003, Debtor and co-borrower Jeanette Padonan ("Padonan") entered into a Note and Security Agreement (the "Note"), in which Debtor and Padonan originally borrowed $74,554.68 from HomePride Finance Corp. ("Homepride"), for the purchase of a 2003 Champion mobile home, VIN Nos. 15702033A and 15702033B (the "Mobile Home"). **See Exhibit "A"** (the Note).

4. In the Contract, Debtor and Padonan granted Homepride a security interest in the Mobile Home. Pursuant to the Contract, Homepride is listed as a lienholder on the Arizona Certificates of Title. A copy of the Arizona Certificates of Title is attached as *Exhibit B.*

5. Subsequently Homepride assigned to Plaintiff its interest in the Contract and Mobile Home through a Power of Attorney. A copy of the Power of Attorney is attached hereto as *Exhibit C*.

6. As of the petition date, the current balance due to 21st Mortgage is $58,478.44, which includes a principal balance of $56,480.41; accrued but unpaid interest of $1,834.20; escrow due in the amount of $94.12; and a late fee in the amount of $69.71.

7. In addition to the other amounts due to 21st Mortgage reflected in this Motion,

2

as of the date hereof, in connection with seeking the relief requested in this Motion, 21st Mortgage has also incurred $600.00 in legal fees and $181.00 in costs. 21st Mortgage reserves all rights to seek an award or allowance of such fees and costs in accordance with the Contract, the Bankruptcy Code, and otherwise applicable law.

8. Post-Petition, Debtor has failed to make the monthly payment of $909.53 due on October 1, 2018. Further, it appears that it is Debtor's intent, though this proceeding, to surrender the Mobile Home.

9. Pursuant to 11 U.S.C. § 362(d)(1), there is "cause" for relief from the automatic stay because 21st Mortgage's interest in the Mobile Home is not adequately protected. As of the petition date, Debtor is $1,819.06 delinquent on his monthly payment obligation and, 21st Mortgage does not anticipate receipt of any post-petition payments because Debtor's schedules indicate an intent to surrender the Mobile Home. Debtor's schedules also indicate that there is no equity in the Mobile Home because the balance due to 21st Mortgage is greater than the value of the Mobile Home. With no monthly payments being made and no equity in the Mobile Home, 21st Mortgage's security interest is not adequately protected. Therefore, stay relief is warranted.

10. Furthermore, Debtor's Statement of Intention (docket no. 1) provides that Debtor intends to surrender the Mobile Home to 21st Mortgage. Thus, there is additional "cause" for relief from the automatic stay under 11 U.S.C. § 362(d)(1) because Debtor does not wish to keep the Mobile Home.

3

Case 4:18-bk-11788-SHG    Doc 9    Filed 10/24/18    Entered 10/24/18 15:04:12    Desc
Main Document    Page 3 of 5

11. Pursuant to Local Rule 4001-1(b), 21st Mortgage certifies that (i) 21st Mortgage's counsel sent a letter seeking to resolve the issues necessitating this Motion to counsel for Debtor and that after sincere effort the parties have been unable to resolve the matter; and (ii) 21st Mortgage sent the letter at least seven days prior to the filing of this Motion.

WHEREFORE, 21st Mortgage respectfully requests that the Court enter an Order terminating or modifying the stay and granting the following:

A. Relief from the stay allowing 21st Mortgage, its successors or assigns, to proceed under applicable nonbankruptcy law to enforce its lien and repossess the Mobile Home without the need for further permission from the Court;

B. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code;

C. That the Court waive the Rule 4001(a)(3) fourteen-day stay of enforcement of its order modifying the automatic stay and immediately terminate all stays and injunctions pursuant to 11 U.S.C. § 362(d);

D. And for such further relief as is just.

Respectfully submitted this 24th day of October 2018.

DAVIS MILES McGUIRE GARDNER, PLLC

By: _____
Aubrey L. Thomas
Attorneys for Movant

A copy of the foregoing was mailed
this 24 day of October 2018, to:

Stanley J. Kartchner
7090 N. Oracle Road #178-204
Tucson, AZ 85704

Linda Marie Ballard
2085 N. San Joaquin Road, Unit 1
Tucson, AZ 85743

Estate of Jeanette Padonan
2085 N. San Joaquin Road
Tucson, AZ 85743

Kathryn L. Johnson Finn
Law Office of Kathryn L. Johnson
425 W. Paseo Redondo, Suite 2
Tucson, AZ 85701

By: _____
    Joan Stoner